Memorandum.
The order of the Appellate Division should be modified by remitting the matter to Special Term with directions to remand the charge against the petitioners to appellant Superintendent of Insurance for further proceedings and, as modified, affirmed, without costs. As a matter of fairness in adjudging petitioner Guminick to be an “ untrustworthy person ’ ’ within the provisions of section 69-f of the Insurance Law and requiring the corporate petitioners to remove him from office, the Superintendent was required to examine fully every source of contemporary evidence within his control which would cast light on the sharp issue of credibility between the complaining witness and the petitioner Guminick.
The complainant, an Insurance Department examiner, testified he had reported the purported offer of a gift immediately to two associate examiners. They were not called as witnesses. Complainant’s superior in the department, who had handled approval of the financial arrangements with petitioners, and who could throw light on possible motive to offer a gift, was not called. The official records of the department relating to the corporate operations and the ground of approval or disapproval of its record were not offered. To rest the penalty on the controverted testimony of one person without effort to develop all available collateral material was, in the circumstances of this case, less than full fairness to petitioners, even though, as a matter of law, such testimony may qualify as substantial evidence.
Judges Burke, Bergan, Breitel, Jasen and Gibson concur; Chief Judge Fuld and Judge Scileppi dissent and vote to affirm.
Ordered accordingly.